UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) ) | CRIMINAL ACTION NO. 17-40042-TSH |
| BRUCE MARANDO, Defendant. | ) ) ) ) | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**
December 21, 2023

**HILLMAN, S.D.J.,**

**Background**

Bruce Marando ("Mr. Marando") pled guilty to conspiracy to distribute cocaine, in violation of 18 U.S.C. § 2846 (Count I). On May 17, 2022, he was sentenced to fifty-seven months' imprisonment followed by three years of supervised release. Mr. Marando is currently housed in the Bureau of Prison ("BOP") Federal Correction Institution Milan ("FCI Milan"). As of the date of this Order, he has completed approximately one-third of his sentence and is set to be released on August 30, 2025.

Mr. Marando has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 due to his alleged ongoing health concerns.[1] For the reason set forth below, that motion is *denied*.

## Discussion

Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed . . . ." *United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022). Upon motion of the Director of the BOP or a defendant, however, a court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A). Mr. Marando asserts that his serious medical conditions, i.e., diabetes and back pain, and the lack of adequate medical care that he is receiving at FCI Milan constitute extraordinary and compelling reasons to permit a reduction of his sentence.

Mr. Marando, who is forty-nine years old, suffers from diabetes, has a history of back pain, and suffers from other unspecified "health issues." He alleges that FCI Milan has failed to provide him adequate medical care for these ongoing conditions. More specifically, FCI Millan has failed

---

[1] Pursuant to 18 U.S.C. § 3582(c)(1)(A), prior to bringing his motion for compassionate release in this Court, Mr. Marando was required to exhaust his administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or allow 30 days to lapse from the date the prison warden receives his request for compassionate release. The Government contends that Mr. Marando did not satisfy the exhaustion requirements of Section 3582(c) prior to bringing suit and therefore, his motion must be dismissed. Mr. Marando acknowledges that he has not fully exhausted all administrative rights of appeal but suggests that he has complied with Section 3582(c)'s alternative precondition to filing suit, *i.e.*, requesting release from the prison warden thirty days prior to filing his motion. In support thereof, Mr. Marando refers to a letter seeking compassionate release which he alleges he filed 35 days prior to his having initiated this suit. However, it is unclear to whom Mr. Marando addressed his request for compassionate release and according to the Government, the BOP has no record of such request. Counsel for Mr. Marando has represented that he told her that he submitted a compassionate release request more than 30 days before filing suit and never received a response. For the purposes of this Order, the Court will assume that Mr. Marando has complied with § 3582(c) and address his motion on the merits.

to provide medical care to address symptoms of his diabetes (such as monitoring his AIC level which can be done through a simple blood test) and has not scheduled him for an MRI and subsequent surgery for his back ailment. However, the medical evidence submitted by Mr. Marando does not support his contention that his medical conditions are deteriorating or that he is receiving insufficient treatment by the BOP. The Government, in contrast, has proffered evidence that Mr. Marando's symptoms (chronic back pain, lower extremity weakness and loss of sensation in his feet) are not new—he has been suffering such symptoms since he was a teenager.  Moreover, FCI Milan has been regularly providing Mr. Marando with medication and treatment to address his complaints. For example, Mr. Marando has been receiving alternate treatments for his back, including a back brace, and has reported some improvement.  The Government has also submitted significant evidence that Mr. Marando has not cooperated with the prison's medical providers. First, he has repeatedly failed to show up for blood tests scheduled by the medical staff for the specific purpose of monitoring his AIC— between December 2022 and June 2023 he no-showed thirteen times for scheduled blood tests. Additionally, he was scheduled for an MRI but took issue with the recommendation that a contrast MRI be performed (because he did not want to have a steroid injection which was part of the procedure). Finally, consultations with surgeons and an MRI were scheduled in October 2023 and the Court has not been advised that the appointments/testing did not take place.

Mr. Marando suffers from multiple chronic ailments, primarily diabetes and back pain, for which he needs ongoing medical treatment. Based on the record before the Court, it is clear that FCI Milan has provided Mr. Marando with adequate medical care.  Any deficiency in said care is the result of Mr. Marando's own repeated refusal to accept treatment for his conditions. This Court is reluctant to grant compassionate release where defendants refuse medical treatment. *Accord United States v. Gianelli*, 533 F. Supp. 3d 45 (D. Mass. 2021) ("Although defendant has a

right to refuse medical treatment, this Court will not reward such refusal to protect himself with a get-out-of-jail card."). Accordingly, the Court finds that Mr. Marando has failed to establish the existence of extraordinary and compelling circumstances warranting his release. *See United States v. Reynoso*, 525 F. Supp. 3d 253, 255 (D. Mass. 2021) (listing cases where district courts within the First Circuit routinely denied similar requests for compassionate release).

If this Court had found that Mr. Marando had established that extraordinary and compelling reasons exist, it would then have to balance the factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) to determine whether a sentence reduction is warranted. For the sake of completeness, the court will do so. Relevant § 3553(a) factors include respect for the law, the deterrent effect of the punishment, and the nature of the crimes for which the defendant has been convicted. Mr. Marando was convicted of a serious drug offense. During the course of his drug dealing, he threatened to assault any customers who did not pay him. Moreover, he approached law enforcement officers offering details of a drug dealing scheme and then lied to the officers. When law enforcement officers were executing search warrants, he attempted to warn his co-conspirators, thus putting lives at risk. Additionally, while on pre-trial release, he committed new criminal offenses.

Mr. Marando's conduct showed an abject disrespect for the law and highlighted his unwillingness or inability to comply with the legal process. Based on Mr. Marando's history, the Court finds that he would be a high risk to re-offend were he to be released. Simply put, reducing Mr. Marando's sentence would not reflect the seriousness of the offense for which he was convicted, would not serve as a deterrence, and would create a significant danger to the public. *Accord United States v. Daley*, 512 F. Supp. 3d 99 (D. Mass. 2020) (denying compassionate release where a defendant's criminal history and need for just punishment outweighed other considerations). This Court finds that none of the relevant § 3553(a) factors weigh in favor of Mr. Marando's early release. For this additional reason, his motion is *denied*.

## Conclusion

Mr. Marando's motion for compassionate release (Docket No. 316) is ***denied***.

**SO ORDERED**

                                      ***/s/ Timothy S. Hillman***
                                      **Timothy S. Hillman**
                                      **SENIOR DISTRICT JUDGE**